IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA,

SOUTHERN DIVISION

UNITED STATES OF AMERICA

Vs.                                                                                    CRIMINAL NO: 16-90-KD

TERANCE GAMBLE,

    DEFENDANT.

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT

The defendant in this case has been indicted for violation of Title 18 USC §922(g)(1) as a prohibited person in possession of a firearm. The violation is charged as having occurred on November 29, 2015. The incident made the basis of the charge was charged against the Defendant by the State of Alabama in Mobile County Circuit Court in case number CC-2016-2740. On May 17, 2016 the Defendant was convicted as a prohibited person in possession of a firearm pursuant to Code of Alabama 1975 Title §13A-11-72 and was sentenced accordingly.

On June 9, 2016 the United States Supreme Court released its opinion in Commonwealth of Puerto Rico v. Valle, et al, 2016 WL 3189527 (U.S. June 9, 2016) . The Court's opinion by Justice Kagan joined by Justices Roberts, Kennedy, Ginsburg and Alito ruled on facts similar to the case at bar that prosecution by the Commonwealth was a violation of the Double Jeopardy protection of the Fifth Amendment. The Court opined that ultimately the authority of the Commonwealth to prosecute derived from the Congress and under historic precedence and analysis that fact precludes application of the "duel sovereignty" exception to double jeopardy. The Court concluded, "Because the ultimate source of Puerto Rico's prosecutorial power is the Federal Government—because when we trace that

authority all the way back, we arrive at the doorstep of the U.S. Capitol—the Commonwealth and the United States are not separate sovereigns. That means the two governments cannot 'twice put' respondents Sánchez Valle and Gómez Vázquez 'in jeopardy' for the 'same offence.' U.S. Const., Amdt. 5. We accordingly affirm the judgment of the Supreme Court of Puerto Rico." Id. at *10

Justice Ginsburg wrote a short concurring opinion inviting the issue present in <u>Valle</u> as it may arise in the context of duel prosecutions by the Federal Government and a state of the United States. She states: "I write only to flag a larger question that bears fresh examination in an appropriate case. The double jeopardy proscription is intended to shield individuals from the harassment of multiple prosecutions for the same misconduct. Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Current 'separate sovereigns' doctrine hardly serves that objective. States and Nation are 'kindred systems,' yet 'parts of ONE WHOLE.' The Federalist No. 82, p. 245 (J. Hopkins ed., 2d ed. 1802) (reprint 2008). Within that whole is it not 'an affront to human dignity,' Abbate v. United States, 359 U.S. 187, 203, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) (Black, J., dissenting), inconsistent with the spirit of [our] Bill of Rights,' Developments in the Law—Criminal Conspiracy, 72 Harv. L. Rev. 920, 968 (1959), to try or punish a person twice for the same offense? Several jurists and commentators have suggested that the question should be answered with a resounding yes: Ordinarily, a final judgment in a criminal case, just as a final judgment in a civil case, should preclude renewal of the fray anyplace in the Nation. (Cites omitted)  The matter warrants attention in a future case in which a defendant faces successive prosecutions by parts of the whole USA. "  Id., at *11

The undersigned does not know from what angle Justice Ginsburg would approach a fresh look at duel sovereign prosecutions.  Utilizing the majority's approach it would seem a viable argument could be made that "going all the way back" would lead us to "WE THE PEOPLE" as previously interpreted by the Court.

Justice Story noted in important dicta in an opinion of early Constitutional interpretation: "The constitution of the United States was ordained and established, not by the states in their sovereign capacities, but emphatically, as the preamble of the constitution declares, by 'the people of the United States.' There can be no doubt that it was competent to the people to invest the general government with all the powers which they might deem proper and necessary; to extend or restrain these powers according to their own good pleasure, and to give them a paramount and supreme authority. As little doubt can there be, that the people had a right to prohibit to the states the exercise of any powers which were, in their judgment, incompatible with the objects of the general compact; to make the powers of the state governments, in given cases, subordinate to those of the nation, or to reserve to themselves those sovereign authorities which they might not choose to delegate to either. The constitution was not, therefore, necessarily carved out of existing state sovereignties, nor a surrender of powers already existing in state institutions, *for the powers of the states depend upon their own constitutions; and the people of every state had the right to modify and restrain them, according to their own views of the policy or principle.* On the other hand, it is perfectly clear that the sovereign powers vested in the state governments, by their respective constitutions, remained unaltered and unimpaired, except so far as they were granted to the government of the United States." (Emphasis added) Martin v. Hunter's Lessee, 14 U.S. 304, 4 L. Ed. 97 (1816)  The relevance of this observed truth to the Valle Court's approach to analyzation of duel sovereignty is this:  Going all the way back, the sovereignty of the United States derives from the people.  Those same people, at least a sub-group of them, to wit the people of Alabama, confer authority on their state.  Thus, Defendant argues, the people cannot prosecute two times for the same offense; i.e., once by the authority granted the State of Alabama and a second time by the authority granted to the Federal government.

Having been duly prosecuted, convicted and sentenced by the State of Alabama, Defendant should not be subject to prosecution in Federal court for the same offense.

<u>s\Barre C. Dumas</u>  
Attorney for Defendant

126 Government Street  
Mobile, Al.  36602  
251-438-2333

CERTIFICATE OF SERVICE

I certify that I have this 16th day of June electronically filed the above with the Court in accordance with the Rules and protocol of the Court.  It will thereby be served upon counsel for the Government, Michelle O'Brian, AUSA.

S\Barre C. Dumas